AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania ▾

|  |  |
|---|---|
| CHOWNS FABRICATION & RIGGING, INC. | ) ) ) ) |
| _Plaintiff(s)_ | ) |
| v. | ) ) |
| U.S. DEPARTMENT OF TREASURY | ) ) ) |
| _Defendant(s)_ | ) ) |

Civil Action No. 2:21-cv-4283

## SUMMONS IN A CIVIL ACTION

To: _(Defendant's name and address)_  Jennifer A. Williams, Acting US Attorney
614 Chestnut Street, Suite 1250
Philadelphia, PA 19106

Merrick Garland, Attorney General
US Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Jay H. Bauer
2053 Cressman Road
P.O. Box 697
Skippack, PA 19474

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

_CLERK OF COURT_

Date: _____09/28/2021_____          _____
_Signature of Clerk or Deputy Clerk_

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____ 1830 Colonial Village Lane, Lancaster, PA 17601 _____

Address of Defendant: _____ 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106 _____

Place of Accident, Incident or Transaction: _____ Montgomery County Pennsylvania _____

---

***RELATED CASE, IF ANY:***

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 09/29/2021 _____ _____ 59371
_____ _____
*Must sign here*
*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** **Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☑ 11. All other Federal Question Cases
  *(Please specify):* _____

**B.** **Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____ _____ _____
*Sign here if applicable*
*Attorney-at-Law / Pro Se Plaintiff* _____ *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

APPENDIX G

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Chowns Fabrication & Rigging Inc.

                      :
                      :

           V.           :         Civil Action

US Department of the Treasury    :         No: *2:21-CV-4283*

                      :

DISCLOSURE STATEMENT FORM

Please check one box:

☑       The nongovernmental corporate party,  __Chowns Fabrication & Rigg__
        , in the above listed civil action does not have any parent corporation and
        publicly held corporation that owns 10% or more of its stock.

☐       The nongovernmental corporate party, _____
        , in the above listed civil action has the following parent corporation(s) and
        publicly held corporation(s) that owns 10% or more of its stock:

_____
_____
_____
_____

09/25/2021
Date                              Signature

                Counsel for:  Chowns Fabrication & Rigg

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

    (a)    WHO MUST FILE; CONTENTS.   A nongovernmental corporate party must file
            two copies of a disclosure statement that:

        (1)    identifies any parent corporation and any publicly held corporation
                owning10% or more of its stock;  or

        (2)    states that there is no such corporation.

    (b) TIME TO FILE; SUPPLEMENTAL FILING.  A party must:
        (1)    file the disclosure statement with its first appearance, pleading,
                petition, motion, response, or other request addressed to the court;
                and
        (2)    promptly file a supplemental statement if any required information
                changes.

JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

CHOWNS FABRICATION & RIGGING INC.

**(b)** County of Residence of First Listed Plaintiff    LANCASTER PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Jay Bauer Esq.
PO Box 697, Skippack, PA 19474

## DEFENDANTS

US DEPARTMENT OF THE TREASURY

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1   U.S. Government   Plaintiff
- [x] 2   U.S. Government   Defendant
- [ ] 3   Federal Question    *(U.S. Government Not a Party)*
- [ ] 4   Diversity    *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*    *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance<br>[ ] 120 Marine<br>[ ] 130 Miller Act<br>[ ] 140 Negotiable Instrument<br>[ ] 150 Recovery of Overpayment & Enforcement of Judgment<br>[ ] 151 Medicare Act<br>[ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>[ ] 153 Recovery of Overpayment of Veteran's Benefits<br>[ ] 160 Stockholders' Suits<br>[ ] 190 Other Contract<br>[ ] 195 Contract Product Liability<br>[ ] 196 Franchise | **PERSONAL INJURY**<br>[ ] 310 Airplane<br>[ ] 315 Airplane Product Liability<br>[ ] 320 Assault, Libel & Slander<br>[ ] 330 Federal Employers' Liability<br>[ ] 340 Marine<br>[ ] 345 Marine Product Liability<br>[ ] 350 Motor Vehicle<br>[ ] 355 Motor Vehicle Product Liability<br>[ ] 360 Other Personal Injury<br>[ ] 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>[ ] 365 Personal Injury - Product Liability<br>[ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>[ ] 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ] 370 Other Fraud<br>[ ] 371 Truth in Lending<br>[ ] 380 Other Personal Property Damage<br>[ ] 385 Property Damage Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881<br>[ ] 690 Other | [ ] 422 Appeal 28 USC 158<br>[ ] 423 Withdrawal 28 USC 157<br>**PROPERTY RIGHTS**<br>[ ] 820 Copyrights<br>[ ] 830 Patent<br>[ ] 835 Patent - Abbreviated New Drug Application<br>[ ] 840 Trademark<br>[ ] 880 Defend Trade Secrets Act of 2016 | [ ] 375 False Claims Act<br>[ ] 376 Qui Tam (31 USC 3729(a))<br>[ ] 400 State Reapportionment<br>[ ] 410 Antitrust<br>[ ] 430 Banks and Banking<br>[ ] 450 Commerce<br>[ ] 460 Deportation<br>[ ] 470 Racketeer Influenced and Corrupt Organizations<br>[ ] 480 Consumer Credit (15 USC 1681 or 1692)<br>[ ] 485 Telephone Consumer Protection Act<br>[ ] 490 Cable/Sat TV<br>[ ] 850 Securities/Commodities/ Exchange |
| | | | **LABOR** | **SOCIAL SECURITY** | |

| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | LABOR | SOCIAL SECURITY | |
|---|---|---|---|---|---|
| [ ] 210 Land Condemnation<br>[ ] 220 Foreclosure<br>[ ] 230 Rent Lease & Ejectment<br>[ ] 240 Torts to Land<br>[ ] 245 Tort Product Liability<br>[ ] 290 All Other Real Property | [ ] 440 Other Civil Rights<br>[ ] 441 Voting<br>[ ] 442 Employment<br>[ ] 443 Housing/ Accommodations<br>[ ] 445 Amer. w/Disabilities - Employment<br>[ ] 446 Amer. w/Disabilities - Other<br>[ ] 448 Education | **Habeas Corpus:**<br>[ ] 463 Alien Detainee<br>[ ] 510 Motions to Vacate Sentence<br>[ ] 530 General<br>[ ] 535 Death Penalty<br>**Other:**<br>[ ] 540 Mandamus & Other<br>[ ] 550 Civil Rights<br>[ ] 555 Prison Condition<br>[ ] 560 Civil Detainee - Conditions of Confinement | [ ] 710 Fair Labor Standards Act<br>[ ] 720 Labor/Management Relations<br>[ ] 740 Railway Labor Act<br>[ ] 751 Family and Medical Leave Act<br>[ ] 790 Other Labor Litigation<br>[ ] 791 Employee Retirement Income Security Act | [ ] 861 HIA (1395ff)<br>[ ] 862 Black Lung (923)<br>[ ] 863 DIWC/DIWW (405(g))<br>[ ] 864 SSID Title XVI<br>[ ] 865 RSI (405(g))<br>**FEDERAL TAX SUITS**<br>[ ] 870 Taxes (U.S. Plaintiff or Defendant)<br>[ ] 871 IRS—Third Party 26 USC 7609 | [ ] 890 Other Statutory Actions<br>[ ] 891 Agricultural Acts<br>[ ] 893 Environmental Matters<br>[ ] 895 Freedom of Information Act<br>[ ] 896 Arbitration<br>[ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>[ ] 950 Constitutionality of State Statutes |
| | | **IMMIGRATION** | | | |
| | | [ ] 462 Naturalization Application<br>[ ] 465 Other Immigration Actions | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
5 USC Section 552

Brief description of cause:
Improperly withheld requested records.

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   [ ] Yes   [x] No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____ DOCKET NUMBER _____

DATE
09/28/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)   Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)   County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)   Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.   Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.   Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.   Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.   Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.   Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.   Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.   Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

_Chowns Fabrication + Rigging, Inc._                          CIVIL ACTION

v.

_U.S. Department of Treasury_                          _2:21-cv-4283_

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court.  (See reverse side of this form for a detailed explanation of special
    management cases.)                    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (✗)

_9/28/21_

**Date**

_(610) 584-0240_

**Telephone**

_Jay Bauer_

**Attorney-at-law**

**FAX Number**

**Attorney for** _Chowns Fabrication_
_+ Rigging Inc._
_j.bauer @ echowns.com_

**E-Mail Address**

(Civ. 660) 10/02

## Civil Justice Expense and Delay Reduction Plan
### Section 1:03 - Assignment to a Management Track

(a)      The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)      In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management.  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)      The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)      Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)      Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

## SPECIAL MANAGEMENT CASE ASSIGNMENTS
### (See §1.02 (e) Management Track Definitions of the
### Civil Justice Expense and Delay Reduction Plan)

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation.  The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985.  This term is intended to include cases that present unusual problems and require extraordinary treatment.  See §0.1 of the first manual.  Cases may require special or intense management by the court due to one or more of the following factors:  (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition.  It may include two or more related cases.  Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues.  See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHOWNS FABRICATION & RIGGING, INC., )
                                      )
                                      )
          Plaintiff,             )
                                        )   CIVIL CASE NO. _2:21-cv-4283_
             v.                  )
                                        )
U.S. DEPARTMENT OF THE TREASURY, )
                                      )
                                      )
         Defendant,         )

## COMPLAINT

Chowns Fabrication & Rigging, Inc. (referred to herein as "Chowns"), by and through its undersigned counsel, files this Complaint against the U.S. DEPARTMENT OF THE TREASURY ("Defendant"), and alleges as follows:

### PRELIMINARY STATEMENT

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, seeking the disclosure of records related to the reckless, intentional, and/or negligent acts taken by officers, agents and/or employees of the U.S. Department of the Treasury ("Treasury") and its component Internal Revenue Service ("IRS"), in connection with federal tax collection activities taken by it against Plaintiff, improperly withheld from Plaintiff by Defendant and IRS.

2.     Defendant has violated FOIA by failing to make a determination and otherwise respond to the October 19, 2019 request for nearly two years, far beyond the statutorily prescribed time limit, failing to disclose the requested documents, and unlawfully withholding the requested information.

3.     Plaintiff seeks records at the heart of its efforts to reverse the reckless and negligent IRS actions which resulted in harm to the Plaintiff.

4.     Plaintiff Chowns now asks the Court to order Defendant to respond to the request and produce all responsive IRS records as required by FOIA.

## THE PARTIES

5.     Plaintiff, Chowns is a Pennsylvania corporation with its registered office currently located at 1830 Colonial Village Lane, Lancaster, Pennsylvania 17601.

6.     Defendant, Treasury, is a Department of the Executive Branch of the United States Government, and includes component entity IRS. The Treasury is an agency within the meaning of 5 U.S.C. § 552(f).

7.     Defendant IRS is an agency of the federal government and has possession of the records that Plaintiff seeks. It is headquartered at 1111 Constitution Avenue NW, Washington, D.C. 20224.

8.     On information and belief, Defendant, COMMISSIONER OF INTERNAL REVENUE, maintains offices in Philadelphia, including William J. Green Jr. Federal Building, 600 Arch Street, Philadelphia, PA 19106.

## JURISDICTION AND VENUE

9.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201 and 2202.

10.     Venue is premised on the place of business of Plaintiff and is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e).

11.     Because Defendant has failed to comply with the applicable time-limit provisions of the FOIA, Chowns is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C.

2

§ 552(a)(6)(C)(i) and is now entitled to judicial action enjoining Defendant from continuing to withhold IRS records and ordering the production of IRS records improperly withheld.

12.     This Court has authority to award costs and attorney's fees under 28 U.S.C. § 2412 and 5 U.S.C. § 552(a)(4)(E).

## STATUTORY AND REGULATORY FRAMEWORK

**FREEDOM OF INFORMATION ACT**

13.     FOIA promotes open government by providing every person with a right to request federal agency records. 5 U.S.C. § 552(a)(3)(A, (f).

14.     In furtherance of its purpose to encourage open government, FOIA imposes strict deadlines on agencies to provide responsive documents to FOIA requests. An agency must respond to a FOIA request by issuing a "determination" within twenty days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i).

15.     FOIA explicitly requires agencies to provide information about the status of a request, specifically including "an estimated response date on which the agency will complete action on the request." 5 U.S.C. § 552(a)(7)(B)(ii).

16.     An agency's failure to comply with any timing requirements is deemed constructive denial and satisfies the requestor's requirement tio exhaust administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

17.     A FOIA requestor who exhausts administrative remedies may petition the court for injunctive and declaratory relief from the agency's continued withholding of records. 5 U.S.C. § 552(a)(4)(B).

## STATEMENTS OF FACTS

**A.      CHOWNS v. IRS**

18.     Chowns was unlawfully assessed penalties and interest for the late payment of, and, for the failure to timely deposit, employment taxes. Chowns was thereafter granted abatement of penalties and interest for certain periods which were subsequently removed. The periods that still have additional tax assessments include March 2013, June 2013, September 2013, March 2014, June 2014, December 2016 and December 2017 relating to tax Forms 941 and are currently under review by the IRS Office of Appeals.

19.     Chowns has filed a lawsuit against the United States of America in Federal District Court in the Eastern District of Pennsylvania docketed at 5:21-cv-03543-JFL under 26 U.S.C. Sections 7433 and 7426. The claim contained therein is for damages resulting from the reckless, intentional, and/or negligent disregard of the Internal Revenue Code and governing regulations by officers, agents and/or employees of the IRS.

20.     To help answer questions about how the unlawful penalties and interest were assessed including any abuse of discretion by IRS representatives, Chowns submitted a FOIA request to the IRS by regular U.S. first class mail on October 19, 2019.

**B.     THE FOIA REQUEST**

21.     On October 19, 2019, Chowns submitted a FOIA request to the IRS requesting all records regarding its collection activities with respect to Plaintiff including records, transcripts, investigations, reports, summaries, and any correspondence including but not limited to: letters, emails, phones calls, or facsimiles.

22.     Chowns' request seeks responsive records from tax years 2013 through year 2018.

23.     On September 7, 2020, a representative from the IRS responded to Plaintiff acknowledging receipt of the FOIA request and requesting that the FOIA request be resubmitted.

24.     Chowns has received subsequent correspondence on December 29, 2020, January 29, 2021, April 26, 2021, June 17, 2021, and August 24, 2021 wherein the IRS requested additional time in which to provide the records requested.

25.     Chowns has not received any further communication from the IRS regarding its FOIA request.

26.     As of the date of this Complaint, Defendant has failed to (a) notify Chowns of a final determination regarding the requests, including the full scope of any responsive records Defendant intends to produce or withhold and the reasons for any withholdings, or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

27.     Through Defendant's failure to respond to Chowns' FOIA request within the time period required by law, Chowns has constructively exhausted its administrative remedies and seeks immediate judicial review.

### PLAINTIFF'S CLAIM FOR RELIEF

### COUNT I
**Violation of FOIA, 5 U.S.C. § 552 Failure to conduct adequate searches for records**

28.     The Plaintiff realleges each allegation heretofore made.

29.     Plaintiff made a proper FOIA request for records within the possession, custody and control of Defendant.

30.     Defendant is subject to FOIA and it must therefore make reasonable searches for requested records.

31.     Defendant has failed to promptly review IRS records for the purpose of locating those records that are responsive to Plaintiff's FOIA request.

32.     Defendant's failure to conduct adequate searches for responsive records violates FOIA and IRS regulations.

33.     Defendant has constructively denied Plaintiff's request for information by failing to respond within the statutory deadline, and Plaintiff has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

34.     Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendant to promptly make reasonable efforts to search for records responsive to Plaintiff's request.

### COUNT II
### Violation of FOIA, 5 U.S.C. § 552 Wrongful withholding of records

35.     The Plaintiff realleges each allegation heretofore made.

36.     Plaintiff made a proper FOIA request for records within the possession, custody and control of Defendant.

37.     Defendant is subject to FOIA and it must therefore release in response to a FOIA request any IRS records and provide a lawful reason for withholding any materials.

38.     By failing to release the records Plaintiff requested, Defendant violated FOIA.

39.     Defendant is wrongfully withholding IRS records requested by Plaintiff responsive to its FOIA request.

40.     Defendant has constructively denied Plaintiff's request for information by failing to respond within the statutory deadline, and Plaintiff has exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

41.     Plaintiff is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its October 19, 2019 FOIA request.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1)  Order Defendant to immediately and fully process Plaintiff's October 19, 2019 FOIA

request and disclose and produce all records requested by Plaintiff within 20 business

days of the Court's order;

(2)  Declare unlawful IRS's failure to respond and produce records pursuant to Plaintiff's

FOIA request;

(3)  Retain jurisdiction of this action to ensure no IRS records are wrongfully withheld;

(4)  Award Plaintiff its costs and reasonable attorney's fees in this action as expressly

permitted by FOIA; and

(5)  Grant Plaintiff such other relief as this Court may deem just and proper.

Respectfully submitted,

Dated: September 28, 2021          By: _____

Jay Bauer, Esq.
PA Bar #59371

Jay Bauer
PO Box 697
2053 Cressman Road
Skippack, PA 19474
610-584-0240
j.bauer@echowns.com

**ATTORNEY FOR PLAINTIFF**

7